IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARDENDALE ATHLETIC AND SOCIAL CLUB, INC. : : : v. : : CITY OF PHILADELPHIA, *et al.* : : : | CIVIL ACTION No. 25-3636 |

## ORDER

This 9th day of September, 2025, it is hereby **ORDERED** that the City of Philadelphia's Partial Motion to Dismiss, ECF 10, is **GRANTED in part** and **DENIED in part** as follows:

1. The Motion is **GRANTED** as to Counts I and V, as to the City of Philadelphia only, because Plaintiff fails to plausibly plead a theory of liability distinct from *respondeat superior*, which is not available against municipalities under 28 U.S.C § 1983. *See Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996).

2. The Motion is **DENIED** as to Count II because Plaintiff sufficiently pleads facts that could, if proven, support a claim for *Monell* liability. The resolution of this claim must await further development of the record. *See Swainson v. City of Phila.*, No. 22-2163, 2023 WL 144283, at *5 (E.D. Pa. Jan. 10, 2023) ("*Monell* liability is generally not amenable to resolution at the pleading stage.").

3. The Motion is **DENIED** as to Count VI because Plaintiff states a claim under the "personal property" exception to the Political Subdivision Tort Claims Act ("the Tort

Claims Act") for personal property damage caused by the negligence of City employees in the course and scope of their employment.  *See* 42 Pa.C.S. § 8542(b)(2).[1]

4. The Motion is **GRANTED** as to Counts VII and VIII, as to the City only, because the City cannot be held liable for intentional torts under the Torts Claims Act, and Plaintiff's claims for Commercial Disparagement and Tortious Interference with Economic Advantage do not otherwise fit within a delineated exception to governmental immunity for negligence claims.[2]  *See Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1022 (Pa. Commw. 2014).

    /s/ Gerald Austin McHugh
United States District Judge

---

[1] In its Reply brief, the City concedes that Plaintiff plausibly pleads a claim under the "personal property" exception to the Tort Claims Act.  ECF 14 at 5.

[2] In its Response brief, Plaintiff also concedes that Counts VII and VIII cannot proceed against the City, and agrees to their voluntary dismissal as to the City, without conceding identical claims against the John and Jane Doe Defendants.  ECF 12 at 30, n.2.